**Jolanda PEPAJ, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

**No. 04–0797.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2006.

mer Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Robert A. Zauzmer and Anne Whatley Chain, Assistant United States Attorneys, for Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Philadelphia, PA, for Respondent.

Present: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the decision of the Board of Immigration Appeals, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **GRANTED,** the BIA's order is **VACATED,** and the case is **RE-MANDED** for further proceedings consistent with this opinion.

Petitioner Jolanda Pepaj, a native and citizen of Albania, through counsel, petitions for review of the portions of the Board of Immigration Appeals ("BIA") decision denying her claims for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of this case.

Where, as here, the BIA issues a short opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's opinion as modified by the BIA. *Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). However, we review *de novo* the BIA's determinations regarding the application of legal principles to the facts of a particular case. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

Here, the BIA's opinion adopted the IJ's adverse credibility determination with respect to Pepaj's account of a rape allegedly suffered in prison in 1989. This factual finding was supported by substantial evidence, and we therefore do not disturb it. However, the BIA's adverse credibility determination did not extend to Pepaj's testimony regarding an arrest and detention that occurred in 1997. The BIA found her testimony with respect to this incident to be insufficiently detailed, reasoning that "[w]ithout additional testimony or independent, probative evidence, the respondent has not met her evidentiary burden to ... show that the severity of the subsequent detention ... constitute[s] past persecution."

We find that this conclusion was erroneous. Credible testimony may be rejected

as "too vague" to support an asylum application only if it fails to "identify facts corresponding to each of the elements of one of the 'refugee' categories of the immigration statutes, as interpreted by the BIA and the federal courts." *Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003). In this case, Pepaj testified that she was grabbed off the street in 1997, and was told that she was being arrested "because of my political convictions, and I'm a member of the Balli Kombtar and against the Communism." She further testified the men who arrested her "took me to jail, and they beat me there badly," and that she remained in custody for "[t]hree weeks, almost a month." Pepaj was not asked to provide further detail about the incident by her counsel, the government, or the IJ.

This testimony—which was not explicitly encompassed by the IJ's adverse credibility determination, and which the BIA appears to have assumed to be credible—is sufficient to satisfy Pepaj's statutory burden to establish that she is unwilling to return to her country because she has suffered persecution due to her political opinions. *See* 8 U.S.C. § 1101(a)(42)(A). We think that a three-week detention, accompanied by a severe beating, could be deemed sufficiently serious maltreatment to constitute persecution. *See Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (explaining that persecution "includes more than threats to life and freedom," including "non-life-threatening violence and physical abuse.") (citations, quotation marks and alterations omitted). Moreover, Pepaj's testimony plainly states that she was told that she was subjected to this abuse because of her membership in a minority party that satisfying the baseline requirement that the abuse was related to a protected ground. *See Qiu,* 329 F.3d at 148.

Because the BIA erred in finding that Pepaj's testimony was too vague to satisfy her burden to demonstrate past persecution, we vacate the BIA's order with respect to Pepaj's asylum claim. We re-

mand for the BIA to consider in the first instance whether the treatment that Pepaj suffered during the 1997 incident is sufficiently severe to constitute persecution, and if so, whether the government can overcome the presumption of future persecution that will accrue upon a finding that Pepaj suffered past persecution. Because the BIA's decision with regard to Pepaj's withholding of removal claim was wholly predicated upon its finding that Pepaj had not satisfied her burden with respect to asylum, we also vacate that portion of the BIA's order.

For the foregoing reasons, we hereby **GRANT** Pepaj's petition for review and **REMAND** this case to the BIA for further proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).